IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiffs<br><br>Vs.<br><br>**JOE SHAQUILLE VELAZQUEZ MADERA**<br>**Defendant** | **CRIM. NO. 23-CR-053 (ADC)** |

SENTENCING MEMORANDUM

**COMES NOW Joe Shaquille Velázquez-Madera**, and through the undersigned attorney, respectfully alleges and prays:

1) Joe Shaquille plead guilty pursuant to a plea agreement on May 28, 2024.

2) His sentence is scheduled for next February 10, 2025.

3) The plea agreement stipulates a total offense level of 31 after deducting his three points for acceptance of responsibility. In the plea agreement the **parties stipulated a sentence of 120 months**, regardless of any criminal history (plea agreement at p.4), the statutory minimum for the offense given the quantity of drug alleged in the Indictment.

4) Asking for a departure by either side would constitute a breach of the agreement.

I. GOVERNING LAW REGARDING SENTENCING & 3553(a) Factors

The sentence imposed on the defendant should be driven by the "overarching" command of 18 U.S.C. § 3553(a), which instructs district courts to "'impose a sentence sufficient, but not greater than necessary,'

to accomplish the goals of sentencing." See, Kimbrough v. United States, 552 U.S. 85, 89 (2007) (quoting Gall v. United States, 552 U.S. 38, 56 (2007)).  As the Court knows, the U.S. Sentencing Guidelines are merely advisory, United States v. Booker, 542 U.S. 220 (2005) and, while they generally provide the starting point for sentencing, Kimbrough, 552 U.S. at 109 (citation omitted), a sentencing court may not presume that a within-guidelines sentence is reasonable, or that only "extraordinary circumstances… justify a sentence outside the Guidelines range." Gall v. United States, 552 U.S. 38, 47, 50 (2007). In every sentencing hearing, the court "must make an individualized assessment based on the facts presented."  Gall, 552 U.S. at 50. This individualized assessment is undertaken pursuant to the long-standing principle that "the punishment should fit the offender and not merely the crime." Pepper v. United States, 562 U.S. 476, 487-88 (2011) (quoting Williams v. New York, 337 U.S. 241, 247 (1949)).

As the Supreme Court has explained, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Pepper, 562 U.S. at 487 (quoting Koon v. United States, 518 U.S. 81, 113 (1996)). Indeed, it is the district court that is uniquely situated to have greater familiarity with the individual defendant and individual case than the U.S. Sentencing Commission.

Kimbrough, 552 U.S. at 574. Accordingly, after calculating the applicable guideline range, the sentencing court should then consider all of the factors set forth in 18 U.S.C. § 3553(a) to determine whether the requested sentence is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to accomplish the goals of sentencing or whether a variance is warranted. See Gall, 552 U.S. at 50. The factors to be considered under 18 U.S.C. § 3553(a) are:

1. **The Nature and Circumstances of the Offense and the History and**

**Circumstances of the offense:**

The offense consists of a drug conspiracy. There is no identifiable victim. Paragraph 77 of the presentence report. There is no information that Joe Shaquille impeded or obstructed justice. Paragraph 77. Paragraph 79 of the presentence report. We hereby understand, given all sentencing factors including the Guidelines, that a sentence of 120 months, the statutory minimum, is sufficient but not greater than necessary to accomplish Congressional intent. The government agrees.

Joe Shaquille's involvement comes because of case 22-507 (DRD), a case in which the car in which he was an occupant was the subject of a traffic stop. Cocaine was seized from the vehicle. Said conduct is relevant conduct of the case at bar, and the only participation ascribable to Joe Shaquille, according to ROI's provided by the Government.

We hereby understand, given all sentencing factors including the Guidelines, that a sentence of 120 months, the statutory minimum, is sufficient but not greater than necessary to accomplish Congressional intent. The government agrees.

**History and Characteristics of defendant:**

From the outset, we submit it is important to note paragraphs 79-81 of the PSR, relating to Joe Shaquille's acceptance of responsibility. "Mr. Velázquez-Madera indicated that he found himself engaged in this conduct for being meddlesome." Paragraph 80. Mr. Velázquez-Madera expressed remorse for having been involved in this offense as he has a 4-year-old son and is not prepared to leave him without a paternal figure, especially at his young age when it is impossible for him to understand what is happening. During this process, he has learned to avoid being overly nosey, make better choices about the people with whom he associates, and avoid making ill-informed decisions which consequences he does not understand". Paragraph 81. Quite telling of lessons learned by Joe Shaquille's experience with the instant offense.

Joe Shaquille was born on September 2, 1998, and is currently 26 years of age. He comes from a single-parent home, not knowing the whereabouts of his father since he was 12 years of age. He has had only three contacts with his father, ages 4, 10, and 12. His last meeting was coincidental, as it was by chance in a gas station. Not having his biological father affected him emotionally while he was a child because he witnessed the relationship that other children had

with their fathers and saw them picked up from school. Paragraph 102 of PSR. He has two maternal siblings, aged 29 and 18, and two paternal siblings with whom he has no communication. Paragraph 101 of the PSR. He grew up seeing his mother have three jobs to maintain the household. Paragraph 103 of PSR.

Joe Shaquille has one child, Gael Shaquille, 4 years of age, the product of a relationship with Lizbeth Pacheco Otero. He helped raise her other children, Nayli, age 15 and Manuel, age 13. Paragraph 106 of the PSR.

Unfortunately, given the household conditions, he abandoned school in 6th grade, after failing 5th grade to work. He never participated in a Special Education Program, but we submit that perhaps he may need some help in that area. Nevertheless, as he was instilled values in his household by his mother, he considered it an obligation to go to school. Eventually he obtained a GED and even obtained an associate degree in auto mechanics. Paragraph 115 of the PSR.

He has had stable employment which shows his drive and possibility of rehabilitation. He has been employed for the last 8 years at Chapu Gas, were he works as a full-time driver. To supplement his income he has worked odd jobs painting houses, in Sixth Car Rental, and in valet parking.

Joe Shaquille is skilled in auto-mechanics, auto body painting, car washing, plumbing, basic construction, gypsum board, sealing roofs, valet parking, and delivery services.

Joe Shaquille suffers from environmental allergies in cold climates which irritate his skin. Cold temperatures provoke his skin to turn red, inflamed and bumpy.

Joe Shaquille is uncomfortable with the situation he is facing as his mother has medical conditions, his grandmother is an elderly person, and he will not see his son for some time. He is a pillar of both his family and maternal household as his siblings are young. This is of particular importance because of the bonds he created with his mother and grandmother as he sees them as the ones that have always been there for him. As to his kids, he fears not being in the most important years of their life.

During his lifetime, he has confronted some issues with substance abuse, with occasional use of Percocet to deal with back pain and marihuana. We ask for the Court to take notice so that he can participate in all substance abuse programs provided by the BOP.

### 2. General Deterrence

It has been clearly established that there is no correlation between punishment and reductions in crime. See, Benjamin Barsky, et al, <u>Vaccination plus Decarceration</u> — Stopping Covid-19 in Jails and Prisons (New England Journal of Medicine, Apr 29. 2021); Forbes, <u>Even After Vaccine, Federal Prisons Still Have COVID-19 Concerns</u> (May 31); Forbes, <u>Office of Inspector General Critical Of Bureau of Prisons In Extensive Reports</u> (May 31). The least amount of time of incarceration, 120 months, is sufficient but not greater than necessary

to rehabilitate Joe Shaquille. He has the support of his family and is looking forward to put this life changing episode behind him to be present in his children life and hopefully be out of incarceration before his mother dies.

### 3. to protect the public from further crimes of the defendant

There is not one factor that points to recidivism in the case at bar. Joe Shaquille is a first offender. He has been deeply affected by the case at bar, particularly the effect his absence is going to have on his children and mother. Thus, he understands and is fearful of the consequences his incarceration has and will have on him. He intends to take full advantage of the opportunities the BOP may provide to start a new life with loved ones once his incarceration is over. He also looks forward to work with his father at his business.

Joe Shaquille has demonstrated his values when he pursued his GED and an associate in auto mechanics. Moreover, his potential for rehabilitation is great. "According to the US Probation Officer who has supervised the defendant during his pretrial release, Mr. Velázquez-Madera has complied with the conditions of release imposed by the Court. He has secured employment during his pretrial supervision, has been available, and respectful, and has strong family support… (Docket #327), the home restriction with electronic monitoring condition was removed, as requested by the defense counsel without the objection of the Assistant US Attorney nor the US Probation Officer." Paragraph 76 of the PSR.

**C. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Unfortunately, there are not enough resources to provide all defendants in criminal cases with the resources they need. However, Joe Shaquille has concrete goals. He is interested in learning English and obtaining vocational training and certification related to the handling and use of propane gas. Moreover, we request that he be referred to substance abuse treatment as expressed in page 6 of this sentencing memorandum.

### 4. The Kinds of Sentences Available

The parties have fashioned a sentence that both parties believe to be sufficient but not greater than necessary. See plea agreement.

### 5-6. The Kinds of Sentences and the Guideline Sentencing Range Established and any Pertinent Sentencing Commission Policy Statements

A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. United States v. Booker, 543 U.S. 220, 245-67 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Gall v. United States, 552 U.S. 38, 53 (2007) (quoting Koon v. United States, 518 U.S. 81 (1996)). The critical question in Mr. Zayas-Shultze's case is the exact weight this Court should give to the guidelines. As

recognized in Gall, district courts "may not presume that the Guidelines range is reasonable." 552 U.S. at 49, 128 S. Ct. at 597. However, in the case at bar the parties agreed that the statutory minimum is sufficient but not greater than necessary to establish Congress' intent.

Therefore, the Court should consider that the plea agreement reached by the parties is particularly appropriate to remedy what would otherwise be overly severe penalties imposed by the Controlled Substances Act and the Sentencing Guideline recommendations that were drafted for drug conspiracy cases. In the case at bar, we plead with the Court to give a 120-month sentence which we deem sufficient but not greater than necessary to accomplish Congressional intent of sentencing in federal criminal cases. The Government agrees with us.

**WHEREFORE** it is respectfully requested from this Court to consider the foregoing memorandum in its sentencing and sentence Joe Shaquille to 120 months of imprisonment, as is the request from both parties.

**CERTIFICATION:** I hereby certify that a true and exact copy of the foregoing motion was filed with the CM/ECF system of the Court which will send automatic notification to all parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 5th of February, 2025.

**s/ Jennie Espada, Esq.**
**USDC 225003**
Espada.esquire@gmail.com
**PO Box 13811**
**San Juan, PR 00908**

**(787)633-7199**